IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

| | | |
|---|---|---|
| CASEY COUCH, #223 876 | * | |
|     Plaintiff, | * | |
| v. | * | 2:09-CV-740-ID |
| | | (WO) |
| COI - MR. LAWRENCE, | * | |
|     Defendant. | * | |

_____

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff filed this 42 U.S.C. § 1983 action on May 22, 2009. The complaint involves a dispute over the Plaintiff's health, safety, and welfare at the Julia Tutwiler Prison for Women. Plaintiff names Correctional Officer Lawrence as the sole defendant. Upon review of the docket in this matter, the court finds that this matter is due to be dismissed.

**I. DISCUSSION**

*A. Lack of Service on Defendant Lawrence*

On October 14, 2009 the court entered an order procedure directing service of the complaint on Defendant Lawrence and further directing that he file an answer and written report to Plaintiff's complaint. Service was attempted on Officer Lawrence but has not been perfected because he was unknown at the address provided by Plaintiff. According to the docket, the envelope containing Officer Lawrence's copy of the complaint and the court's order of procedure was returned to the court marked "Return to Sender; Unauthorized; No one by this name."

If a person has not been served, he is not a party to this lawsuit except in very unusual circumstances. During the proceedings in this case, the court repeatedly advised Plaintiff that it is her responsibility to provide the court with the defendant's correct name and address for service, informed her that she must monitor the case to ensure that all defendants she named had been served, and cautioned her that the failure to perfect service on a defendant would result in the named person not being considered a party to this case. (*See Doc. Nos. 13, 15*.) The court granted Plaintiff an extension to comply with the order that she provide a correct name and/or service address for Defendant Lawrence. (*See Doc. No. 17*.) Plaintiff has filed no response.

The Federal Rules of Civil Procedure require that service must be made upon a defendant within 120 days after filing the complaint. Rule 4(m), *Federal Rules of Civil Procedure*. If a defendant is not served within this time limit "the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time." *Id*.

The time allowed for effecting service of the complaint on Correctional Officer Lawrence expired in September of 2009. The undersigned finds that there is nothing before this court which warrants an order granting any further extension of the time for service. *See generally Horenkamp v. Van Winkle & Co.*, 402 F.3d 1129 (11th Cir. 2005). Consequently, Plaintiff's claims against Officer Lawrence are subject to dismissal without prejudice as service has not been perfected on this individual in accordance with applicable procedural rules.

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. Defendant Lawrence be DISMISSED without prejudice for failure to effect service on this individual in accordance with applicable procedural rules; and

2. There being no defendants remaining to this cause of action, this matter be DISMISSED without prejudice.

It is further

ORDERED that on or before March 3, 2010 the parties may file objections to the Recommendation.  Any objections filed must clearly identify the findings in the Magistrate Judge's Recommendation to which a party objects.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done, this 18th day of February, 2010.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE